FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA JAN -2 PM 12: 38
TAMPA DIVISION

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

**TERENCE K. WOLFE,**

    Plaintiff,

v.                                     Case No. 8:13-CV-2308-T-17TGW

**EMCARE, INC.,**

    Defendant.

## PLAINTIFF'S MOTION FOR SANCTIONS AND TO STRIKE

Terence Wolfe, Plaintiff ("**Mr. Wolfe**") moves for an order striking and purging "Exhibit 3" to the Defendant's Response in Opposition to Plantinff's [*sic*] Motion to Compel [the "**response**"], filed December 27, 2013, and moves, further, pursuant to Federal Rule of Civil Procedure 37, for entry of an order sanctioning the Defendant and its attorney for violating Federal Rule of Civil Procedure 5.2. In support of this motion, Mr. Wolfe states as follows.

### Background

1) This is an action for the recovery of damages under the Florida Consumer Collection Practices Act, sections 559.55-785, Florida Statutes (2012) and the Fair Debt Collection Practices Act, 15 U.S.C., Amended Complaint, August 12, 2013. In brief, the Plaintiff alleges that the Defendant, the corporation having a contract for the provision of emergency room doctor and physician assistant services at Brandon Regional Hospital ("**BRH**"), in Brandon, Florida, compromised and settled a claim it made against Mr. Wolfe (through its billing entity) for the provision of such services and, despite that compromise and settlement, thereafter engaged in a sequence of increasingly aggressive practices to extract money from Mr. Wolfe to which it was not entitled, thus violating both state and federal law. EmCare denies all liability and, indeed, any connection to

Mr. Wolfe of any sort whatsoever, although, oddly, EmCare was able in discovery to produce to Mr. Wolfe a number of pages of his protected and confidential medical records from BRH. Discovery is ongoing.

## Grounds for Requested Relief

2) On December 27, 2013, the Defendant filed the *Defendant, Emcare, Inc.'s, Response in Opposition to Plantinff's [sic] Motion to Compel*. Although Mr. Wolfe is not allowed to participate in CM/ECF and thus does not know the exact time at which this filing was made, this document and its attachments were emailed to Mr. Wolfe by defense counsel's staff at 5:37 p.m., on a Friday, long after the Court had closed for the weekend.

2) The Defendant attached as "Exhibit 3" to its filing what purports to be a composite exhibit including the Defendant's responses to discovery propounded to it by Mr. Wolfe. The Defendant elected to include in its exhibit copies of medical records for Mr. Wolfe created at BRH, although as Mr. Wolfe's medical condition is not in controversy in this proceeding, it is difficult to determine why the Defendant needed to publish protected health information to a public court file.[1] Nevertheless, there, prominently displayed, on the second page of the medical records, are Mr. Wolfe's unredacted social security number and unredacted date of birth. This confidential data is repeated later in the records. Also included in the Defendant's exhibit is a complete and unredacted copy of a check drawn on Mr. Wolfe's personal account, containing a complete and

---

[1] The Defendant's Exhibit 1, 44 pages in length, contains a copy of Mr. Wolfe's original discovery to the Defendant, already submitted by Mr. Wolfe himself with his December 14, 2013 Motion to Compel. It is not clear why the Defendant needed to clog the court file with an additional copy of this discovery. The Defendant's composite Exhibit 3 also contains copies of its responses to Mr. Wolfe's original discovery, again, already in the Court record as an exhibit to Mr. Wolfe's discovery motion. It is not clear why the Defendant needed to clog the court file with this duplicative material, either.

2

unredacted financial-account number, and the complete and unredacted account number established for Mr. Wolfe by "Oakfield Drive Emerg Physician," which, on information and belief, is EmCare's billing and collections entity.

3) Federal Rule of Civil Procedure 5.2 "**Privacy Protection for Filings Made With Court**", states in part as follows:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, **a party or nonparty making the filing may include only:**
> **(1) the last four digits of the social-security number and taxpayer-identification number;**
> **(2) the year of the individual's birth;**
> (3) the minor's initials; and
> **(4) the last four digits of the financial-account number.**

(Emphases added). The rule, in place since at least December 1, 2007, unequivocally bans the publication into a public Court file of an unredacted social security number, date of birth, or financial account number, including a bank account number. No exemptions allowed by the rule apply. Thus, the Defendant violated the rule, and compromised Mr. Wolfe's right to privacy created by it, in its filing of totally unnecessary and impertinent material to begin with.

4) It is not to be believed that the Defendant's publishing of Mr. Wolfe's medical records, unredacted social security number, date of birth, and bank account number, was a mistake, or the result of mere inadvertence, or failing adequately to supervise support staff. To the contrary, this behavior seems to be part of a plan of personal harassment concocted by the Defendant and its attorney to try to defend this case through intimidation of the Plaintiff. For instance, the Defendant, on December 12, 2013, issued an improper subpoena to an out of state educational institution to try to obtain academic records regarding Mr. Wolfe dating back to the 90's, having nothing whatsoever

3

to do with this case. *See* Order [quashing subpoena to George Mason University School of Law], December 19, 2013 [Dkt. 16].[2] Later, on December 30, 2013, defense counsel Kenneth Grace sent an email to Mr. Wolfe containing as an attachment a copy of an order from the Bankruptcy Court granting Mr. Wolfe a verdict in an adversary proceeding to determine the dischargeability of student loan debt and stating, gratuitously, "Mr. Wolfe, I know from reading the attached and from personal experience you have a very difficult time getting along with others and communicating in a non-hostile, non-threating [*sic*], and non-accusatory way." It is apparent that EmCare, having no legally-cognizable defense to liability in this proceeding, has decided instead to try to play the victim and to divert attention from its own law breaking through various *ad hominem* attacks and misuse of discovery tools to try to intimidate.

5)   The Court has inherent authority to discipline parties appearing before it for either willful or merely negligent violations of the rules of civil procedure, particularly violations which have as their effect the infliction of damage on another party wholly unrelated to any legitimate claim or defense. The Court may take judicial notice of the problems associated with the theft of identity made possible by the publication to the whole world of a litigant's personal information such as social security number, date of birth, and personal account information. Rule 5.2 has for **six years** made such impertinent and immaterial information off-limits for routine publication in a Court file. The fact that the Defendant pulled its maneuver on a Friday, and deliberately withheld notice to Mr. Wolfe of what it had done until well after the Court had closed for the day, thus

---

[2] Notably, the Defendant issued its subpoena to obtain Mr. Wolfe's protected academic records just three days after Mr. Wolfe issued a number of subpoenas to obtain evidence regarding, among other things, EmCare's contract with BRH and its relationship with "Oakfield Drive Emerg Physician," the very existence of which relationship EmCare appears in this proceeding to deny, matters plainly relevant to the outcome of this proceeding.

ensuring that the personal information would remain publically available for several days before the earliest time at which Mr. Wolfe could bring it to the Court's attention, helps to establish the Defendant's malice. A suitable monetary sanction to deter such conduct in the future is appropriate.

WHEREFORE, Mr. Wolfe requests entry of an order:

A) Striking in its entirety "Exhibit 3" to the Defendant's response;

B) Entering an order of monetary sanctions in the amount of $1,000, against the Defendant, its attorney, or both, payable to Mr. Wolfe;

C) Awarding Mr. Wolfe all costs incurred in the seeking of this relief; and,

D) Awarding Mr. Wolfe such other and further relief as the Court in its discretion may deem appropriate.

Respectfully submitted,

**TERENCE K. WOLFE**

_____
Terence K. Wolfe
406 S. Bryan Circle
Brandon, Fl 33511
(813) 964-7401
tkwolfe@softhome.net

Dated: December 31, 2013

## Local Rule 3.01(g) Certification

I certify that I have attempted to confer with opposing counsel on the foregoing, and that he was unavailable for such consultation. Pursuant to the Rule, I will contact opposing counsel again expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

## Certificate of Service

I certify that I have caused to be served a true copy of the foregoing upon the following, by mailing a copy thereof to the address(es) indicated, or by transmitting the same via facsimile to the number(s) indicated, or by emailing the same to the address(es) indicated on December 31, 2013:

Kenneth C. Grace, *attorney for Defendant*
Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Dr., Suite 195
Tampa, FL 33618
Fax: (866) 466-3140
Email: kgrace@sessions-law.biz

_____
Terence K. Wolfe