UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERENCE K. WOLFE,

    Plaintiff,

vs.                               CASE NO. 8:13-CIV-2308-T-EAK-TGW

EMCARE, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the following: Defendant's motion for summary judgment (Doc. 86); response (Doc. 97); Defendant's reply (Doc. 104) and supplement to the reply (Doc. 114).

The Plaintiff filed this case *pro se* against Emcare, Inc. (Emcare) asserting claims for violation of the Florida Consumer Collections Practices Act (FCCPA), Fla. Stat. Chap 559, *et seq.*, and on amended complaint, for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All

doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all **reasonable** doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996). A

court, however, may only consider "that evidence which can be reduced to an admissible form," *Rowell v. BellSouth Corp.*, 433 F.3d 794, 799 (11th Cir. 2005). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The court does not, however, weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249-50.

The case has a somewhat tortured procedural background but the Court is satisfied that the motion for summary judgment is ripe and the Plaintiff has been fully informed that this Court will resolve the motion for summary judgment. The Plaintiff requested an extension of time before the case should proceed to resolution of the motion. Over the objection of the Defendant, the Court found that the Plaintiff should be given some leniency in his prosecution of this case. The Court stayed the case for a ninety day period, or until January 27, 2015. The Plaintiff had up to and including that date to respond to any pending motions to which he had not previously responded. The Court made it clear that any ripe motions could be taken under consideration at the expiration of this stay. The deadline passed and been exceeded and Plaintiff has taken no further action. The following facts have been established in the Defendant's motion for summary judgment:

> On March 10, 2012, Plaintiff received medical treatment at Brandon Regional Hospital for a cut to his right thumb. (Doc. 2 at ¶ 3). Thereafter, on or about April 9, 2012, plaintiff received a medical bill "from an entity denominated as 'Oakfield Drive Emerg Physician'. . . demanding payment of a total of **$1,238.00** for Mr. Wolfe's [Brandon Regional Hospital] ER visit . . . ." *Id.* at ¶ 4. On April 13, 2012, plaintiff tendered a $50 check in what he claimed to be a "full accord and satisfaction" of the debt under Florida law. *Id.* at ¶ 5.

>Later, plaintiff received additional bills from ODEP. *Id.* at ¶¶ 9-11. Eventually, ODEP placed plaintiff's account with NCO Financial Systems, Inc. (NCO) for collection. *Id.* at ¶ 12. NCO made additional attempts to contact plaintiff, and at some point credit reported the debt. *Id.* at ¶¶ 13-18. Plaintiff never received any correspondence directly from Emcare, and plaintiff does not allege Emcare ever made any attempts to collect the debt from him. *See Id.*
>
>On July 8, 2013, plaintiff, *pro se*, filed this lawsuit in Florida state court alleging Emcare violated the FCCPA under the theory that "ODEP has no independent existence . . . but is merely a name used by Emcare for a billing office." (Doc. 1.2 at ¶ 2).    (Doc. 86, pg.2)

The motion for summary judgment is supported by the affidavit of Patricia Barnett,

Divisional Billing Manager for Emcare.  The affidavit sets forth the following:

>Emcare contracts with medical providers, including hospitals such as Brandon Regional Hospital, to provide practice management services. Emcare does not actually employ physicians or provide medical care, but when necessary may locate third party subcontractors to provide such services for its clients, in this case Brandon Regional Hospital.
>
>Oakfield Drive Emergency Physicians (ODEP) is a Florida physician practice group that provides physician services to Emcare clients.  In this case, ODEP provided emergency physician services to Brandon Regional Hospital.  ODEP bills patients directly for services provided by its physicians.  Emcare and ODEP have no corporation affiliation.  Emcare is not and has never been a shareholder, parent, subsidiary or corporate affiliate of ODEP.
>
>The documents plaintiff produced in discovery show he received medical treatment from ODEP physicians during his March 10, 2013 visit to the Brandon Regional Hospital Emergency room incurring a debt to ODEP.  Thereafter, ODEP billed plaintiff for its services.
>
>Emcare is not the creditor of, and has no interest in, plaintiff's medical debt at issue.  Further. Emcare does not provide billing services for ODEP, and, as such, never billed Mr. Wolfe for the medical services he received at Brandon Regional Hospital. Further, Emcare did not attempt to call plaintiff, or send plaintiff any letters.  Emcare never made any attempt to collect a debt from

plaintiff: never made any attempt (sic) contact Mr. Wolfe, and did not place Mr. Wolfe's debt with any third party for collection. (Doc. 86, Ex. B).

## DISCUSSION

The matter before the Court initially is whether or not the Plaintiff has brought an action against the appropriate defendant. The Defendant asserts that it has never attempted to collect a debt from the Plaintiff, nor does Emcare have a corporate affiliation with the creditor, Oakfield Drive Emergency Physicians (Oakfield). The Defendant has come forth with evidence that it is not the proper party to this action. The affidavit of Patricia Barnett establish that factual basis.

The Plaintiff has failed to provide his own affidavits, depositions, answers to interrogatories, or admissions to designate specific facts showing there is a genuine issue for trial. The Plaintiff's response is mostly accusations against the Court and the assigned magistrate judge. The Plaintiff complains he has not had sufficient discovery. The Court does not agree with his assertions. This action has been pending in this venue since September 2013, the Plaintiff has refused to be deposed and has failed to cooperate with or participate in discovery. He failed to take the opportunity to amend his complaint to drop the federal charges because the Court determined it would retain jurisdiction over the state claims. The record is replete with examples of the Plaintiff's continuing unwillingness to proceed

forward in the discovery process.  The response provides no opposition, of a competent nature, to the motion for summary judgment.  The Court finds that the Plaintiff has named the wrong defendant in this action and judgment must be entered for the Defendant.  Accordingly, it is

**ORDERED** that the motion for summary judgment (Doc. 86) is **granted**.  The Clerk of Court is directed to enter judgment for the Defendant and against the Plaintiff, to close this case, and to terminate any pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record